In re Petition for DISCIPLINARY AC-
TION AGAINST Harold L. STOLPES-
TAD, an Attorney at Law of the State
of Minnesota.

No. C0–89–1418.

Supreme Court of Minnesota.

Sept. 5, 1989.

---

### ORDER

After the Director of Lawyers Professional Responsibility had filed with this court a petition seeking public discipline against the Respondent Harold L. Stolpestad, the parties entered into a stipulation in which the respondent admitted the allegations of the petition and the Director and the Respondent joined in recommending what they deem to be appropriate discipline.

In April 1987 the Respondent and the Director entered into a stipulation for probation pursuant to 8(c)(3), Rules on Lawyers Professional Responsibility (RLPR), which placed the Respondent on probation for failure to maintain communications with other attorneys and with the District Ethics Committee investigating his violations in that respect. Previous to that, the Respondent had received a private probation in December 1980 for substantially the same kind of conduct as well as an admonition in 1985 and 1987 for substantially the same type of conduct.

The conduct complained of by the Director in the present petition likewise consisted of neglect and noncommunication. In November of 1987 Respondent was retained to represent a client in a marriage dissolution. The matter eventually came before a Ramsey County District Court Referee who rejected the draft of findings of fact, conclusions of law and order for judgment, and who instructed the Respondent to draft new findings relative to the paternity and custody of a minor child. The Respondent thereafter neglected to submit redrafted findings. Eventually, after being directed again by the referee to file the findings, the findings were submitted, but again the referee directed additional corrections. Several months went by and the Respondent had failed to submit the redrafted findings with corrections. Eventually in January of 1989, the referee issued an order denying Respondent's motion for default judgment. Subsequently the matter was recommenced and a second rescheduled dissolution default hearing was had. While waiting for the hearing, Respondent learned that his client purchased real estate during the interim. Thereupon he struck the hearing and prepared to amend the summons and petition but was unable to serve the same because the client's ex-husband could not by then be found so service had to be completed by publication. During the course of these proceedings, the client telephoned the Respondent numerous times regarding the status of the hearing. He neglected and failed to return calls until finally requested to do so by the Director's office. His conduct in the handling of this case, including failure to submit appropriate findings on time as directed by the referee, violated Rules 1.3 and 8.4(d), Minnesota Rules of Professional Conduct (MRPC). His other conduct in failing to obtain information from his client regarding the factual

changes which had occurred before scheduling the dissolution hearing in April 1989 violated Rules 1.4 and 8.4(d), MRPC, and his conduct in failing to return his client's telephone calls in May and June 1989 violated Rule 1.4(a), MRPC.

During the time the preceding events occurred, the Respondent was on probation pursuant to the 1987 order. As part of that probation, the Respondent was required to continue current therapy by a certified chemical dependency counselor, and he was directed to complete such therapy programs as he deemed necessary and to provide medical authorization as would be necessary to allow the Director to verify compliance with those conditions. In the fall of 1988, Respondent's dependency counselor requested Respondent to leave group therapy sessions and return to individual therapy and suggested other treatment. Respondent failed to follow through on those recommended programs of his counselor. His failure to do so violated paragraph 6(b) of the stipulation and violated the terms of his 1987 probation and Rule 8.4(d), MRPC.

In the stipulation, the Respondent waived all of his procedural rights under Rule 14, RLPR, and agreed that the court may impose any of the sanctions set forth in Rule 15(a)(1)–(9), RLPR. However, the Respondent and the Director joined in recommending the appropriate discipline. In this case it would be a public reprimand followed by two years probation with conditions.

The court, having considered the petition, the Respondent's disciplinary history, and the stipulation, NOW ORDERS:

1. The Respondent is hereby publicly reprimanded.

2. The Respondent is placed on probation for a period of two years subject to the following conditions:

a. Respondent shall at all times cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention.

b. The Respondent forthwith shall promptly complete the dissolution matter referred to in the petition.

c. Within one month of the date of this order, Respondent shall begin individual therapy with a counselor as the Director may approve, and shall complete such therapy programs as are deemed necessary by the counselor so chosen. Respondent shall, on his own initiative and without specific request from the Director's office, provide verification of compliance with his counselor's proposed therapy program on a monthly basis, and shall immediately provide medical authorizations as may be necessary to allow the Director to verify Respondent's compliance with this provision.

d. Within two weeks of the date of this order, Respondent shall nominate an attorney acceptable to the Director who shall monitor Respondent's compliance with the terms of this probation. Such supervisor shall file written reports with the Director's office at least quarterly with respect to Respondent's compliance with his obligation to complete client work and maintain communication with clients and courts.

e. Respondent shall make an inventory of all his files and provide a monthly status report to his supervisor regarding each file.

f. Respondent shall initiate and maintain office procedures to ensure prompt response to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters which Respondent is handling, and to ensure that Respondent regularly reviews each and every file and completes legal matters on a timely basis. Respondent shall pay to the Director $750 in costs pursuant to Rule 24, RLPR, said payment to be made within 60 days of the date of this order.